IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

IRENE ROMERO,

    Plaintiff,

vs.                                                      Civ. No. 16-38 KG/WPL

AJF ENTERPRISES, INC., and
ARTHUR FAMIGLIETTA,

    Defendants.

## ORDER

On February 2, 2107, the Court held a hearing on

(1) Defendants' Motion to Dismiss with Prejudice Pursuant to Fed. R. Civ. P. 26 and 37, Due to the Plaintiff's Discovery Abuse, and Violations of Orders from the Court Regarding Discovery and Request for Sanctions (Doc. 62) (Motion to Dismiss), filed November 9, 2016;

(2) Plaintiff's Motion to Enlarge Time for Response to Motion to Dismiss (Doc. 63) (Motion to Enlarge Time), filed November 28, 2016; and

(3) Plaintiff's Motion to Strike Defenses with Prejudice Pursuant to Fed. R. Civ. P. 26 and 37, Due to Defendants' Discovery Abuse and Request for Sanctions (Doc. 72) (Motion to Strike), filed December 13, 2016.

Present at the hearing were Trent Howell, counsel for Plaintiff, and Roger Moore, counsel for Defendants. Having considered the motions, the accompanying briefing, and the argument of counsel at the February 2, 2017, hearing, and for the reasons stated on the record, the Court makes the following rulings.

1. The Court denies the Motion to Dismiss (Doc. 62). In addition to the Court's findings at the February 2, 2017, hearing, the Court finds that, in the interest of justice, dismissal with

prejudice is not warranted because Mr. Howell's violations of discovery orders are not of such a magnitude as to "outweigh the judicial system's strong predisposition to resolve cases on their merits…." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (quoting *Meade v. Grubbs*, 841 F.2d 1512, 1521 n.7 (10th Cir. 1988)).

2. Instead of a dismissal with prejudice as a sanction for violating discovery orders, the Court will award Defendants reasonable attorney's fees and costs incurred in bringing the Motion to Dismiss, including travel to Las Cruces, New Mexico for the February 2, 2017, hearing. In deciding to award reasonable attorney's fees and costs, the Court finds that Mr. Howell's failure to comply with discovery orders was not "substantially justified" and that "other circumstances" do not make such an award unjust. Fed. R. Civ. P. 37(b)(2)(C). The award of reasonable attorney's fees and costs will be paid by Mr. Howell, not Irene Romero. Moreover, Mr. Moore has until 5:00 p.m. February 13, 2007, to file a brief, appropriate affidavits, and time sheets in support of the award of reasonable attorney's fees and costs. Mr. Howell may file a response no later than 5:00 p.m. February 23, 2017.

3. In the further interest of justice, the Court grants the Motion to Enlarge Time (Doc. 63) in order to consider the Motion to Dismiss fully on its merits.

4. The Court denies the Motion to Strike (Doc. 72). As the Court found at the February 2, 2017, hearing, Mr. Howell did not convince the Court that any Fed. R. Civ. P. 26(a) violations by Mr. Moore prejudiced or necessarily surprised Plaintiff. *See Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999) (in deciding whether party's violation of Rule 26(a) is justified or harmless, district court can consider, *inter alia*, "the prejudice or surprise to the party" entitled to receive the disclosures).

5. The Court will set an in-person hearing in Albuquerque, New Mexico on Plaintiff's Motion to Enlarge Time for Response to Motion for Summary Judgment (Doc. 78), filed December 21, 2016. In addition to counsel, the parties are required to attend this hearing.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE