IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

IRENE ROMERO,

    Plaintiff,

vs.                                                                              Civ. No. 16-38 KG/WPL

AJF ENTERPRISES, INC., and
ARTHUR FAMIGLIETTA,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon its February 3, 2017, Order awarding Defendants reasonable attorney's fees and costs incurred in bringing Defendants' Motion to Dismiss with Prejudice Pursuant to Fed. R. Civ. P. 26 and 37, due to the Plaintiff's Discovery Abuse, and Violations of Orders from the Court Regarding Discovery and Request for Sanctions (Motion to Dismiss) (Doc. 62). Order (Doc. 96) at 2. The Court further ordered briefing on the issue of reasonable attorney's fees and costs, which the parties have now completed. *Id. See also* (Docs. 100, 102, and 103). The Court notes that the Order required Defendants' counsel, Roger Moore, to include with his brief "appropriate affidavits, and time sheets in support of the award of reasonable attorney's fees and costs." (Doc. 96) at 2.

"To determine the reasonableness of a fee request, a court must begin by calculating the so-called 'lodestar amount' of a fee, and a claimant is entitled to the presumption that this lodestar amount reflects a 'reasonable' fee." *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998). Courts make the lodestar calculation by multiplying the attorney's reasonable hourly rate by the number of hours the attorney reasonably expended. *Id.*

The party requesting attorney's fees bears the burden of showing that the requested rate is consistent with the prevailing rate in the community. *United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1234 (10th Cir. 2000) ("party requesting the fees bears 'the burden of showing that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" (citation omitted)). To carry that burden, the movant must show by "satisfactory evidence — in addition to the attorney's own affidavits — that the requested" hourly rates are the prevailing market rates. *Blum v. Stenson*, 465 U.S. 886, 896 n. 11 (1984). For example, an affidavit from an independent attorney who is familiar with local attorney rates and attests to the prevailing market rate in the community for attorneys with similar qualifications as the movant can provide that "satisfactory evidence." Here, Mr. Moore provided only his affidavit to show the prevailing market rate. That affidavit alone is not satisfactory evidence of the prevailing market rate.

The movant also has the burden of proving reasonable hours by submitting "meticulous, contemporaneous time records" which "must reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks…." *Ramos v. Lamm*, 713 F.2d 546, 553 (10th Cir. 1983), *overruled on other grounds by Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711, 725 (1987). In keeping with this requirement, D.N.M. LR-Cv 54.5(a) states that a movant for an award of attorney's fees "must submit a supporting brief and evidence (affidavits and <u>time records</u>)." Emphasis added. Local Rule 54.5(b) also states that "[a]n attorney must keep concurrent time records … where there is a potential for an award of attorney fees." In this case, Mr. Moore submitted an affidavit listing time entries and descriptions of billed activities, but did not submit "contemporaneous time records."

2

For the foregoing reasons, the Court does not have sufficient evidence from which to determine either the reasonableness of the requested hourly rate or the reasonableness of the hours expended in bringing the Motion to Dismiss.  Rather than simply denying Mr. Moore's request for reasonable attorney's fees, the Court will deny Mr. Moore's request without prejudice to Mr. Moore filing an amended brief with sufficient affidavits and time records to support his request for an award of reasonable attorney's fees.

IT IS ORDERED that

1.  Defendants' request for reasonable attorney's fees and costs is denied without prejudice to Defendants filing an amended brief on reasonable attorney's fees and costs consistent with the rulings in this Memorandum Opinion and Order;

2.  the above brief must be filed within fourteen days of the entry of this Memorandum Opinion and Order; and

3.  Plaintiff may file a response brief fourteen days after the filing of Defendants' brief.

_____
UNITED STATES DISTRICT JUDGE